**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ERNESTINA PEREZ SUAREZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-01174-DCG** |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| | § | |
| *Respondent*. | § | |

## ORDER DISMISSING CASE

Even though her attorney has already filed a pending habeas corpus petition on her behalf, Petitioner Ernestina Perez Suarez has attempted to file a second habeas corpus case *pro se*. For the following reasons, the Court **DISMISSES** the later-filed case.

### I.   BACKGROUND

Immigration authorities are presently detaining Petitioner at the El Paso Service Processing Center.[1]  On December 17, 2025, Attorney Stephen W. Spurgin filed a habeas corpus petition on Petitioner's behalf (the "First Petition").[2]  The First Petition seeks an order requiring the Government to "release Petitioner or provide an individualized bond hearing within 10

---

[1] *See, e.g.*, Proposed 2d Pet., ECF No. 1-1, at 1, 7.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* Petition for Writ of Habeas Corpus at 20, *Perez-Suarez v. Mullin*, No. 3:25-cv-00680 (W.D. Tex. Dec. 17, 2025), ECF No. 1 [hereinafter 1st Pet.].

days."[3]  Largely due to the enormous number of immigration habeas petitions this Court has received since June 2025,[4] the Court hasn't yet ruled on the First Petition.

Perhaps due to impatience (which would be entirely understandable), Petitioner has now filed a second habeas corpus case.[5]  Her Proposed[6] Second Petition seeks the same relief as the First:[7] release from custody and/or a bond hearing.[8]  The only significant difference is that Petitioner filed the Proposed Second Petition "*pro se*"—that is, on her own behalf, rather than through her attorney.[9]

---

[3] *Id.*

[4] *See, e.g.*, *Huanaga-Luna v. Bondi*, No. 3:26-CV-00462, 2026 WL 822444, at *1 (W.D. Tex. Mar. 19, 2026) (describing the backlog).

[5] *See* IFP Appl., ECF No. 1; Proposed 2d Pet.

The Court has confirmed that the "Ernestina Perez Suarez" that filed the instant suit is the same "Ernestina Perez-Suarez" that filed the first suit. *Compare, e.g.*, 1st Pet. Ex. B at 27–30 (containing the names of Petitioner's adult children), *with* IFP Appl. at 3 (listing those same children as "persons who rely on" Petitioner "for support").

[6] The Court refers to the Second Petition as "Proposed" because Petitioner is seeking to proceed *in forma pauperis* ("IFP").  *See generally* IFP Appl.  Because the Court has not yet ruled on Petitioner's IFP Application, the Court has not docketed the Proposed Second Petition as an operative pleading.  *See, e.g.*, *Evans v. Rozum*, 297 F. App'x 83, 85 (3d Cir. 2008) ("When a complaint is accompanied by a motion to proceed IFP, rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted." (citation modified)).  *But see infra* Section III (ultimately denying the IFP Application as moot).

[7] *See supra* note 3 and accompanying text.

[8] *See* Proposed 2d Pet. at 7 ("I am asking the Judge to . . . grant me the possibility of a bond hearing so I can fight my case outside . . . .").

[9] *See id.* at 8 (writing "N/A" above "Signature of Attorney or other authorized person, if any").

## II.    DISCUSSION

As this Court has explained elsewhere, "[a] party is not entitled to 'hybrid representation'—that is, to simultaneously proceed *pro se* and through counsel."[10]  "In other words, a party has a right to represent [her]self or to be represented by an attorney, but [s]he cannot have it both ways."[11]

Here, Petitioner's attorney has already filed a habeas corpus petition on her behalf.[12] Petitioner's attorney has not withdrawn as Petitioner's habeas counsel, so Petitioner cannot file a successive *pro se* petition of her own that seeks the same relief.[13]

## III.    CONCLUSION

Accordingly, the Court **DISMISSES** the above-captioned case.

The Court **DENIES** Petitioner's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1) as **MOOT**.

The habeas corpus case that Petitioner's counsel filed on her behalf (*Perez-Suarez v. Mullin*, No. 3:25-cv-00680) **REMAINS OPEN**.  The Court will rule on the pending petition in that case in due course, as its heavy caseload permits.

---

[10] *E.g.*, *Goliakov v. Noem*, No. 3:25-CV-00613, 2026 WL 822445, at \*1 (W.D. Tex. Mar. 24, 2026).

[11] *E.g.*, *id.*

[12] *See supra* note 2 and accompanying text.

[13] *Cf., e.g.*, *Goliakov*, 2026 WL 822445, at \*1 (denying *pro se* motion filed by petitioner who was represented by counsel).

The Clerk of Court's office shall **EMAIL** a copy of this Order to Petitioner's attorney (Mr. Stephen W. Spurgin). The Court respectfully encourages Mr. Spurgin to **EDUCATE** his client that hybrid representation is impermissible.

The Clerk's office shall also **EMAIL** a copy of this Order to the attorneys representing the respondents in *Perez-Suarez v. Mullin*, No. 3:25-cv-00680.

Finally, the Clerk's office shall **MAIL** this Order to:[14]

Ernestina Perez Suarez
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Ernestina Perez Suarez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 28th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[14] Out of an abundance of caution, the Court will mail this Order to not just the El Paso Service Processing Center, but also ERO El Paso Camp East Montana. *Contrast* Proposed 2d Pet. at 1 (listing "El Paso SPC" as Petitioner's current "[p]lace of confinement"), *with* 1st Pet. at 3 (alleging that Petitioner "is detained by Respondents at the ERO El Paso Camp East Montana").